# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| 810 SOUTH BROOM STREET OPERATIONS, LLC d/b/a HILLSIDE CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N15C-01-118 ALR |
| RHONDA DANIEL, and JOSEPH F. POLI, JR., | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

***Upon 810 South Broom Street Operations, LLC's
Renewed Motion for Summary Judgment
GRANTED***

Date Submitted: May 13, 2016
Date Decided: May 25, 2016

***Upon 810 South Broom Street Operations, LLC's
Motion Regarding the Conduct of Defendant Poli
DENIED***

Date Submitted: May 11, 2016
Date Decided: May 25, 2016

Robert K. Beste, Jr., Esq., Cohen, Seglias, Pallas, Greenhall & Furman, P.C., Wilmington, Delaware, Attorney for 810 South Broom Street Operations, LLC d/b/a Hillside Center

Joseph F. Poli, Jr., self-represented Defendant

**ROCANELLI, J.**

## FACTUAL BACKGROUND

Plaintiff 810 South Broom Street Operations, LLC d/b/a Hillside Center ("Hillside") is a nursing home and rehabilitation center. Defendant Rhonda Daniel was admitted to Hillside on January 3, 2014. Upon Ms. Daniel's admission to Hillside, Defendant Joseph F. Poli, Jr., Ms. Daniel's husband, signed an admission agreement on behalf of Ms. Daniel ("Admission Agreement").[1]

On March 24, 2014, Ms. Daniel left Hillside because she was hospitalized. After her hospitalization, Ms. Daniel was readmitted to Hillside on April 2, 2014. When a Hillside resident leaves the facility and is hospitalized, the resident (or someone on her behalf) must sign a new admission agreement. Upon Ms. Daniel's second admission to Hillside after her hospitalization, Mr. Poli and Hillside executed a new admission agreement ("Readmission Agreement"). The Readmission Agreement specifically provides that the terms and conditions of the Admission Agreement remain in "full force and effect."[2] When executing the Readmission Agreement, Mr. Poli signed certain portions of the Readmission Agreement; however, Mr. Poli refused to sign the documents that would have permitted Hillside to assist in retrieving Ms. Daniel's financial information to complete a Medicaid application on behalf of Ms. Daniel ("Consent for Hillside to

---

[1] Hillside's Renewed Mot. for Summary Judgment, Apr. 12, 2016, Ex. 1.
[2] *Id.* at Ex. 2, p. 1.

1

Assist in Establishing Medicaid Eligibility").[3]  Instead, Mr. Poli advised Hillside that he would personally handle Ms. Daniel's Medicaid application without the assistance of Hillside.  Mr. Poli also refused to provide any of Ms. Daniel's financial information to Hillside.  Although it appears that Mr. Poli attempted to apply for Medicaid coverage for Ms. Daniel on his own, Mr. Poli's application was rejected.

Mr. Poli became Ms. Daniel's power of attorney on December 15, 2014.  On the same date, Ms. Daniel transferred real property located at 26 Fluvanna Court, New Castle, Delaware 19720 ("Property") to Mr. Poli by deed.  The deed provides that Mr. Poli paid Ms. Daniel $10.00 in consideration for the Property;[4] however, during Mr. Poli's deposition, it became clear that Mr. Poli did not provide Ms. Daniel with any consideration for the Property.[5]  Mr. Poli subsequently received all of Ms. Daniel's other assets, which included an IRA and money in a private bank account.  Mr. Poli sold the IRA and used the proceeds to purchase an annuity with Nationwide for $25,273.00.  This annuity pays $226.03 per month, which Mr. Poli uses to finance his personal bills.  When Mr. Poli sold the IRA, a small amount was withheld for taxes, which were refunded to Mr. Poli.  Mr. Poli used this refund

---

[3] *Id.* at Ex. 2 p. 8; *Id.* at Ex. 10 ¶ 3, 5-6.
[4] *Id.*
[5] *Id.* at Ex. 9, Tr. of Joseph F. Poli, Jr. at 18:8-20:16.

to pay Hillside $7,507.82 to reduce Ms. Daniel's balance due to Hillside to $42,304.97.

## PROCEDURAL BACKGROUND

Hillside commenced this action against Ms. Daniel and Mr. Poli on January 15, 2015. Hillside's complaint sets forth four claims: debt, fraudulent transfer, misrepresentation, and negligent misrepresentation.

On April 3, 2015, an entry of judgment was entered for a sum certain against Ms. Daniel because of Ms. Daniel's failure to defend or appear in the litigation pursuant to Superior Court Rule of Civil Procedure 55(b)(1).[6] To date, Ms. Daniel has not paid any amount of the judgment against her.

On August 14, 2015, Hillside filed a motion for summary judgment against Mr. Poli, which was denied by Order dated September 18, 2015 on the grounds that material issues of fact were in dispute. The record has now been fully developed. On April 12, 2016, Hillside filed a renewed motion for summary judgment. Although the Court sent a letter to Mr. Poli notifying him that he had until May 13, 2016 to file a response to Hillside's renewed motion for summary judgment or the Court would consider Hillside's motion to be unopposed, Mr. Poli

---

[6] *See* Super. Ct. Civ. R. 55(b)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Prothonotary upon written direction of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has failed to appear in accordance with these Rules unless the defendant is an infant or incompetent person.").

3

has not filed a response to date. Accordingly, the Court considers Hillside's renewed motion for summary judgment to be unopposed by Mr. Poli.

On May 4, 2016, Hillside filed a "motion regarding the conduct of [Mr.] Poli" requesting the Court take action to prohibit Mr. Poli from communicating with Hillside, Hillside employees, Hillside residents, and other facilities operated by Genesis Healthcare, Inc. ("Genesis"), Hillside's parent corporation. Mr. Poli filed a response in opposition to this motion.

The motions presently before this Court are Hillside's renewed motion for summary judgment and Hillside's motion regarding the conduct of Mr. Poli.

## DISCUSSION

### A. HILLSIDE'S RENEWED MOTION FOR SUMMARY JUDGMENT

#### 1. Standard of Review

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[8] At the motion for summary

---

[7] Super. Ct. Civ. R. 56.
[8] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[9]

## 2. Hillside is entitled to judgment as a matter of law.

It is undisputed that Ms. Daniel has an outstanding balance owed to Hillside in the amount of $42,304.97 arising from the time that Ms. Daniel was a resident at Hillside. Ms. Daniel, as a Hillside resident, and Mr. Poli, as the representative of Ms. Daniel, contractually agreed to pay Hillside for Hillside's services to Ms. Daniel when the parties executed the Admission Agreement and the Readmission Agreement. Both the Admission Agreement and the Readmission Agreement were binding contracts.

Nevertheless, Mr. Poli has previously argued to the Court that he should not be responsible for the debt owed to Hillside because Hillside failed to assist Mr. Poli in Ms. Daniel's Medicaid application. Mr. Poli's argument lacks merit. As already discussed above, Mr. Poli refused to execute the Consent for Hillside to Assist in Establishing Medicaid Eligibility. Accordingly, Hillside was unable to access Ms. Daniel's financial information to complete a Medicaid application for Ms. Daniel. Most importantly, while Hillside may assist residents in their Medicaid applications, Hillside has no obligation—legally or contractually—to do so. Indeed, the Admission Agreement specifically provides that it is the

---

[9] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

responsibility of the Medicaid recipient (or Hillside resident) to apply for Medicaid benefits.[10] Further, Mr. Poli cannot now argue that he is not responsible for the debt when he has already made a private payment of $7,507.82 to Hillside toward that debt. Indeed, Mr. Poli made this private payment on March 13, 2015, approximately two months after this litigation commenced.

Accordingly, Hillside is entitled to judgment as a matter of law on its debt action in the amount of $42,304.97 plus interest at the contractual rate of one and a half percent (1.5%) per month of the total outstanding balance due, or the maximum amount allowed by law, whichever is less.[11]

Moreover, the Court finds that it need not reach Hillside's other claims. First, the Court need not reach Hillside's fraudulent conveyance claim because the Court, through this Opinion, has determined that judgment is entered against Mr. Poli (and has previously been entered against Ms. Daniel). Accordingly, Hillside can now execute on that judgment against both parties and, therefore, any finding by this Court that there was a fraudulent conveyance would have no legal effect. Second, the Court need not reach Hillside's misrepresentation claims because

---

[10] Hillside's Renewed Mot. for Summary Judgment, Apr. 12, 2016, Ex. 1, Sec. E.
[11] *See id.* at Ex. 1, Sec. I(3).

Hillside's action is truly a breach of contract claim and Hillside cannot sue in both contract and tort law.[12]

### 3. Hillside is entitled to attorney's fees.

Hillside requests attorney's fees pursuant to a provision in the Admission Agreement that provides: "Unless prohibited by law, if it is necessary for [Hillside] to secure the services of a collection agency and/or an attorney to recover any unpaid charges, Resident/Patient and/or Representative agrees to pay all reasonable costs of collection and/or attorney's fees incurred by [Hillside]."[13] With respect to attorney's fees, Delaware courts follow the American Rule, which provides that litigants are generally responsible for their own litigation expenses.[14] However, contracting parties can agree to modify the American Rule.[15] Accordingly, Mr. Poli is required to pay for Hillside's attorney's fees pursuant to the executed Admission Agreement.

---

[12] *See Data Mgmt. Internationale, Inc. v. Saraga*, 2007 WL 2142848, at *3 (Del. Super. July 25, 2007) (internal citations omitted) ("Under Delaware law, a plaintiff bringing a claim based entirely upon a breach of the terms of a contract generally must sue in contract, and not in tort. In preventing gratuitous 'bootstrapping' of contract claims into tort claims, courts recognize that a breach of contract will not generally constitute a tort. Even an intentional, knowing, wanton, or malicious action by the defendant will not support a tort claim if the plaintiff cannot assert wrongful conduct beyond the breach of contract itself."); *see also Brasby v. Morris*, 2007 WL 949485, at *6 (Del. Super. Mar. 29, 2007) ("The economic loss rule . . . prohibits certain claims in tort where overlapping claims based in contract adequately address the injury alleged.").

[13] Hillside's Renewed Mot. for Summary Judgment, Apr. 12, 2016, Ex. 1 Sec. I(4).

[14] *Dover Historical Soc., Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1089 (Del. 2006) ("[T]he American Rule requires that "a litigant must, himself, defray the cost of being represented by counsel."); *see also Segovia v. Equities First Holdings, LLC*, 2008 WL 2251218, at *23 (Del. Super. May 30, 2008).

[15] *ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.3d 554, 558 (Del. 2014); *see also SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 352 (Del. 2013).

## B.  HILLSIDE'S MOTION REGARDING MR. POLI'S CONDUCT

In its motion regarding the conduct of Mr. Poli, Hillside argues that Mr. Poli's unwanted communications with Hillside, Hillside employees, Hillside residents, and other facilities operated by Genesis have reached the level of harassment and threats.  Hillside requests that this Court enter an Order prohibiting Mr. Poli from communicating with the above-mentioned individuals and facilities.  Mr. Poli responded to Hillside's motion on May 12, 2016, admitting certain communications; however, Mr. Poli does not label them as threatening.  Instead, Mr. Poli argues that he has certain constitutional rights that permit his communications and informs the Court that he will "spend the rest of [his] life working to put an end to" Hillside practices to which he disagrees.[16]

While the Court understands Hillside's position and shares Hillside's concern regarding Mr. Poli's conduct, Hillside has failed to demonstrate to the Court that it can grant the relief it seeks.  In *Gonzalez v. Caraballo*, the Superior Court states clearly its expectations that "counsel is required to develop a reasoned argument supported by pertinent authorities."[17]  Hillside has not cited any rules or decisional law in support of its position or which would demonstrate it is entitled to the relief sought.  Instead, Hillside merely requests that this Court use its "inherent power to control the parties" and cites decisional law that instead

---

[16] Def.'s Response to Hillside's Mot. Regarding the Conduct of Def. Poli,  May 12, 2016, p. 3.
[17] 2008 WL 4902686, at *3 (Del. Super. Nov. 12, 2008).

8

addresses the Court's authority to dismiss cases for failure to prosecute. Accordingly, Hillside's "motion regarding the conduct of [Mr.] Poli" and request to prohibit certain communications that Mr. Poli has with Hillside and Genesis must be denied.

## CONCLUSION

Hillside is entitled to judgment as a matter of law on its debt claim against Mr. Poli because there is no genuine issue of material fact. Ms. Daniel and Mr. Poli contractually agreed to pay for Hillside's services when Ms. Daniel was a resident at Hillside. To date, Mr. Poli owes $42,304.97 plus interest to Hillside.

**NOW, THEREFORE, this 25th day of May, 2016, the renewed motion for summary judgment filed on behalf of Plaintiff 810 South Broom Street Operations, LLC d/b/a Hillside Center is GRANTED with respect to the debt claim. JUDGMENT SHALL ENTER in favor of Plaintiff 810 South Broom Street Operations, LLC d/b/a Hillside Center and against Defendant Joseph F. Poli, Jr. in the amount of $42,304.97 plus interest and attorney's fees. Counsel may file an application for attorney's fees. Hillside's motion regarding the conduct of Mr. Poli is DENIED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

9